UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                       Civil Action No. _____
**COMPLAINT AND
DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF SOUGHT**

AZUL WELLNESS, LLC d/b/a
ORLANDO FLOAT & MASSAGE,

        Defendant.
_____/

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Pregnancy Discrimination Act, to correct unlawful sex-based employment practices and to provide appropriate relief to Charging Party Alliana A. Stevens, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Azul Wellness, LLC doing business as Orlando Float & Massage, ("Orlando Float" or "Defendant") discriminated against Ms. Stevens based on her sex, specifically pregnancy, by terminating her employment because of her pregnancy, a condition of her sex (female).

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. The Commission is an Agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

4. The Defendant is a Florida limited liability company.

5. The Defendant's current principal place of business is 5380 S Kirkman Road Orlando, Florida 32819.

6. At all relevant times, the Defendant has continuously done business in Florida, and has continuously had at least fifteen employees.

7. Ms. Tina Manomaivat and Mr. Jason Manomaivat are the owners of Orlando Float.

8. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C.

## ADMINISTRATIVE PROCEEDINGS

9. More than thirty days prior to the institution of this lawsuit, Ms. Stevens filed a charge of discrimination with the Commission.

10. The Commission sent Defendant notice of Ms. Stevens' discrimination charge.

11. The Commission issued a Letter of Determination on April 30, 2019 finding reasonable cause to believe that Defendant discriminated against Ms. Stevens because of her sex, specifically pregnancy.

12. The Commission engaged in communications with Defendant to provide the Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

15. Orlando Float provides relaxation experiences to its customers through float and massage therapy treatments.

16. Ms. Stevens was employed as a massage therapist with Orlando Float.

17. Ms. Stevens began working for Orlando Float in December 2017 and was discharged with a termination letter dated September 16, 2018.

18. Throughout her employment, Ms. Stevens was qualified for her position and performed her duties well.

19. During Ms. Stevens' employment, Orlando Float customers would request Ms. Stevens as the preferred massage therapist to perform the customer's massage treatment.

20. During Ms. Stevens' employment, Ms. Stevens had repeat customers that would request Ms. Stevens' massage services.

21. Ms. Stevens worked a part-time schedule at Orlando Float, Monday through Thursday.

22. Mr. Manomaivat and Ms. Manomaivat were Ms. Stevens' direct supervisors.

23. On September 13, 2018 (Thursday), Ms. Stevens informed Ms. Manomaivat and Mr. Manomaivat that she was pregnant.

24. On September 14, 2018 (Friday), Orlando Float asked Ms. Stevens for something in writing from her obstetrician indicating that it was safe for Ms. Stevens to perform massages while pregnant.

25. Ms. Stevens responded saying that she did not know why a doctor's note was required because she was not requesting any accommodations.

26. Orlando Float insisted that Ms. Stevens immediately submit a letter from a doctor and quoted the Orlando Float employee policy that requires the doctor's note at the onset of pregnancy.

27. Orlando Float explained that a doctor's note clearing Ms. Stevens to work while pregnant was required for her to continue working.

28. When Ms. Stevens inquired further about the doctor's note, Orlando Float explained that the doctor's note was "non-negotiable" and that there was no flexibility on this requirement.

29. Orlando Float informed Ms. Stevens that she could not return to work without the doctor's note stating that she was cleared to continue working.

30. On Ms. Stevens' next scheduled work day, Monday, September 17, 2018, Ms.

Stevens went to work and was handed a termination letter dated September 16, 2018.

31. Orlando Float terminated Ms. Stevens because of her pregnancy.

32. Ms. Stevens never requested an accommodation from Orlando Float.

33. Ms. Stevens never requested any special treatment on account of her pregnancy.

34. Ms. Stevens has suffered damages as a result of the conduct described herein.

## STATEMENT OF CLAIMS

35. Paragraphs 1 through 34 are incorporated by reference as if fully set forth herein.

36. Orlando Float engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), by subjecting Ms. Stevens to sex discrimination. Specifically, Orlando Float discriminated against Ms. Stevens based on her sex by terminating her because of her pregnancy, a condition of her sex (female).

37. The effect of the practices complained of in the foregoing paragraphs has been to affect the terms and conditions of employment for Ms. Stevens, to deprive Ms. Stevens of her equal employment opportunities, and to otherwise adversely affect her status as an employee because of her pregnancy, a condition of her sex (female).

38. The unlawful employment practices complained of in paragraphs 1 through 34 above were intentional.

39. The unlawful employment practices complained of in paragraphs 1 through 34 above were done with malice or with reckless indifference to the federally protected rights of Ms. Stevens.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

40. Grant a permanent injunction enjoining the Defendant, its officers, parent(s), successors, assigns, agents, managers, employees and all persons in active concert or participation with it, from participating in discriminatory conduct based on sex;

41. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women and which eradicate the effects of its past and present unlawful employment practices;

42. Order the Defendant to make Ms. Stevens whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof;

43. Order the Defendant to make Ms. Stevens whole by providing compensation for past and future non-pecuniary and pecuniary losses resulting from unlawful employment practices described above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

44. Order the Defendant to pay Ms. Stevens punitive damages for engaging in intentional discrimination with malice or with reckless indifference, in amounts to be determined at trial;

45. Grant such other further relief as the Court deems necessary and proper in the public interest; and

46. Award the Commission its costs in this action.

## **JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: August 28, 2019.

          Respectfully submitted,

          SHARON FAST GUSTAFSON
          General Counsel

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel
          U.S. Equal Employment Opportunity Commission
          131 M Street, N.E.
          Washington, D.C. 20507

          ROBERT WEISBERG
          Regional Attorney
          KRISTEN FOSLID
          Supervisory Trial Attorney

          s/Carmen Manrara Cartaya\_\_\_\_
          CARMEN MANRARA CARTAYA
          Trial Attorney
          Florida Bar No.  0073887
          U.S. Equal Employment Opportunity Commission
          Miami District Office
          100 S.E. 2nd Street, Suite 1500
          Miami, Florida 33131
          Tel: 305-808-1786
          Fax: 305-808-1835
          Carmen.Cartaya@eeoc.gov