UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

    Plaintiff,

v.                                                    Case No. 6:19-cv-01689-PGH-LHR

AZUL WELLNESS, LLC,

    Defendant.

_____/

## CONSENT DECREE

The Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Azul Wellness, LLC d/b/a/ Orlando Float ("Orlando Float").

### INTRODUCTION

1. The EEOC filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Alliana A. Stevens.

2. The EEOC alleged that Orlando Float violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, by terminating Alliana A. Stevens based on her sex, female, and pregnancy. EEOC further alleged that the unlawful employment

1

practices complained of were intentionally done with malice and/or reckless indifference to the federally protected rights of Ms. Stevens.

### EFFECTIVE DATE

3. The Effective Date of this Decree is the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion and hearing, if required.

### GENERAL PROVISIONS

4. This Decree fully and finally resolves the claims asserted in the Complaint filed by the EEOC in this action styled *EEOC v. Azul Wellness, LLC*, Case No. 6:19-cv-01689-PGH-LHR, in the United States District Court, Middle District of Florida.

5. The Parties acknowledge that this Decree does not resolve any other Charges of Discrimination that may be pending with EEOC against Orlando Float. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later be filed against Orlando Float in accordance with standard EEOC procedures.

6. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendment to this Decree, if any, is appropriate to effectuate the purposes of the unlawful or unenforceable portion of this Decree. In any event, the unaffected provisions will remain enforceable.

7. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

8. Nothing in this Decree shall be construed to limit or reduce Orlando Float's obligation to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

## FINDINGS

9. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties;

   b. The terms of this Decree are adequate, reasonable, equitable, and just, and the rights of the Parties, and the public interest are adequately protected by this Decree; and

   c. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of Orlando Float.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## DURATION OF THE DECREE & JURISDICTION

10. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of five years after the Effective Date, provided, however, that if, at the end of the five-year period, any disputes regarding

compliance remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

11. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

## CHARGING PARTY'S RELIEF

12. In settlement of this lawsuit, Orlando Float shall pay the total sum of twenty-seven thousand dollars ($27,000).

13. Three checks shall be issued and hand delivered or mailed via overnight mail no later than fourteen (14) days from the Effective Date to: Lindsey Greene, Esq., 332 North Magnolia Avenue, Orlando, Florida 32801. The first check shall be in the amount of Twelve-Thousand Five Hundred 00/100 dollars ($12,500) and made payable to 'DSK Law Group'. The second check shall be in the amount of Twelve-Thousand Five Hundred 00/100 dollars ($12,500) and made payable to 'DSK Law Group'. The third check shall be in the amount of Two-Thousand 00/100 dollars ($2,000) and made payable to 'DSK Law Group'.

14. Orlando Float will issue an I.R.S. Form 1099 to Ms. Stevens for the above listed amounts at the address listed above.

15. If Orlando Float fails to tender payment as described in paragraphs 12 and 13, above, then Orlando Float shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Orlando Float.

16. Copies of all payments made pursuant to paragraphs 12 and 13 above, and the I.R.S. Form 1099 referred to in paragraph 14, shall be forwarded to "Robert E. Weisberg, Regional Attorney, Re: Orlando Float Consent Decree" at U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and mdoconsentdecreecompliance@eeoc.gov and kristen.foslid@eeoc.gov

17. Orlando Float agrees that whenever a prospective employer requests a reference relating to Alliana A. Stevens, the reference will confirm dates of employment only, and will make no mention of the charge of discrimination nor the lawsuit.

18. Orlando Float further agrees that Alliana A. Stevens will not be penalized for filing the charge of discrimination and she shall be eligible for consideration for future positions with Orlando Float.

## INJUNCTION

19. Orlando Float and its officers, managers, supervisors, employees, agents, successors, and assigns, shall not refuse to hire, or terminate, any employee of the basis of pregnancy.

20. Orlando Float and its officers, managers, supervisors, employees, agents, successors, and assigns, shall not require pregnant employees to notify Orlando Float of the pregnancy; to provide medical information regarding the pregnancy; or to provide a doctor's note in order to continue working at Orlando Float.

## ONGOING COMMITMENT TO EQUAL EMPLOYMENT OPPORTUNITY

21. Within fifteen (15) calendar days of the Effective Date, Orlando Float will adopt a policy that prohibits discrimination on the basis of sex, including pregnancy (the "Policy")

The Policy shall explicitly state that: (1) pregnancy discrimination is a form of sex discrimination; and (2) sex discrimination in hiring, employment, and promotion is prohibited and will not be tolerated.

22. The Policy must also include clear procedures for making a complaint of discrimination, including the name(s) and contact information of the person(s) responsible for receiving complaints. The Policy shall further state that retaliation for making a complaint is strictly forbidden, and that any manager or employee that engages in retaliation will be subject to discipline, up to and including termination.

23. The Policy shall explicitly state that employees are not required to inform Orlando Float of their pregnancy; that Orlando Float will not require medical information relating to an employee's pregnancy; and that Orlando Float will not require employees to obtain a doctor's note in order to work while pregnant.

24. The Policy shall be provided to EEOC within fifteen (15) days from the Effective Date. Thereafter, the policy shall be distributed to all current employee within thirty (30) days of the Effective Date and shall be given to all new employees within ten (10) days of hire during the duration of this Decree.

25. Within thirty (30) calendar days of the Effective Date, Orlando Float will complete the following steps relating to its job advertisements and applications for positions in all programs:

   a. Orlando Float shall direct managers or third-party vendors to include the following language in all job advertisements: "Orlando Float is an Equal Opportunity Employer."

    b. Each application, whether paper or electronic, shall include the following language:

**ORLANDO FLOAT IS AN EQUAL OPPORTUNITY EMPLOYER. QUALIFIED APPLICANTS WILL RECEIVE CONSIDERATION WITHOUT REGARD TO AGE, RACE, RELIGION, SEX (PREGNANCY, SECUAL ORIENTATION, GENDER IDENTITY) NATIONAL ORIGIN, OR DISABILITY. WE ENCOURAGE ALL QUALIFIED APPLICANTS TO APPLY. IF YOU BELIEVE YOU HAVE BEEN DISCRIMINATED AGAINST, PLEASE CONTACT BICH-THAO LE AT 407-420-7250. YOU ALSO HAVE THE RIGHT TO FILE A CHARGE OF DISCRIMINATION WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.**

### TRAINING

26. Upon execution of this Decree, Orlando Float shall provide four (4) hours of live, in-person training on sex discrimination as described in paragraph 29 below on an annual basis for its human resources and managers with hiring authority.

27. The initial training shall take place within sixty (60) calendar days of the Effective Date.

28. Orlando Float shall retain, at its own expense, a subject matter expert ("SME") on sex discrimination to conduct the training sessions. The SME shall be identified to the EEOC within thirty (30) days of the entry of this Decree, and Orlando Float must obtain the EEOC's agreement on the SME. The EEOC's agreement on an SME will not be unreasonably withheld.

29. The training shall include, but is not limited to, the following: (1) an explanation of the prohibition against discrimination based on sex and pregnancy or future pregnancy; (2) an explanation of the prohibition against retaliation under Title VII of the Civil Rights Act of 1964 including, but not limited to, Orlando Float's complaint and investigation procedures,

what constitutes retaliation for opposing discrimination or making a charge, testifying, assisting, or participating in any manner in investigations, proceedings, or hearings concerning discrimination or retaliation; and (3) an explanation on how to avoid discrimination in interviewing and hiring including, but not limited to, sex-neutral and non-discriminatory recruiting, interviewing, and hiring and training on how to avoid stereotypes, including sex-based stereotypes and gender-role stereotypes, in hiring, promotions and in the workplace, and a description of the types of questions that should not be asked of applicants and/or interviewees.

30. Orlando Float agrees that the EEOC, at its discretion, may attend training sessions required by this Consent Decree. Orlando Float will provide the EEOC with at least fourteen (14) days' advance notice of the time, date, and location of each training. The notice shall be sent to Robert E. Weisberg, Regional Attorney and Kristen Foslid with the subject line "Orlando Float Consent Decree" at mdoconsentdecreecompliance@eeoc.gov and Kristen.Foslid@eeoc.gov. Orlando Float also agrees to notify the EEOC of any scheduling changes.

31. Within seven (7) days of the completion of each training session, Orlando Float will notify the EEOC in writing of the completion of the date of the training session and the name and job title of each person who attended the training. Orlando Float will also provide copies of all written or visual materials provided to the participants of the training sessions. This information shall be sent to Robert E. Weisberg, Regional Attorney, and Kristen Foslid with the subject line "Orlando Float Consent Decree" at mdoconsentdecreecompliance@eeoc.gov and Kristen.Foslid@eeoc.gov.

## NOTICE

32. Within ten (10) business days after the Effective Date of this Decree, Orlando Float will post copies of the Notice attached as Exhibit A in at least two (2) conspicuous location easily accessible to and commonly frequented by Orlando Float's employees. The Notices shall be at least eleven by fourteen inches and laminated. The Notices will remain posted for the duration of this Decree. Orlando Float will take reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Orlando Float will certify to the EEOC in writing within fourteen (14) business days after the Effective Date of the Decree that the Notices have been properly posted.

## MONITORING AND REPORTING

33. The EEOC may review compliance with this Decree. This shall include authority to obtain documents from Orlando Float and interview Orlando Float managers and employees.

34. Orlando Float will provide to the EEOC the following written reports twice annually for a period of five (5) years following the Effective Date of this Decree. The reports shall be due annually on June 30 and December 31. Each report shall contain:

   a. A certification that Orlando Float has conducted all required training;

   b. A certification that the Notice remained posted during the entire period preceding the Report; and

   c. A report listing the name and contact information of any individual terminated during the reporting period; and

    d. A report detailing complaints of sex/pregnancy discrimination or retaliation made by any Orlando Float employee, which shall include all complaints whether verbal or written, formal or informal.  The report shall include a description of the nature of each complaint received, including the name and title of the alleged discriminator, name of the applicant or employee making the complaint, last known address and telephone number of the applicant or employee making the complaint, the relevant dates, and what action (if any) Orlando Float took in response to the complaint.  If there are no complaints of discrimination or retaliation, Orlando Float shall indicate the same.

35.    Nothing contained in this Decree shall be construed to limit any legal obligation Orlando Float may otherwise have to maintain records, including under Title VII and its record keeping regulations.

## DISPUTE RESOLUTION

36.    In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fourteen (14) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has, in fact, complied.  This time period may be extended by the parties by written agreement.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) calendar days (or such time period as otherwise agreed), the complaining party may apply to the Court for appropriate relief.

## NOTIFICATION OF SUCCESSORS

37. Orlando Float shall provide prior written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchasers, successors, assigns, subsidiaries, affiliates, or any other corporation, entity, or division with which Orlando Float may merge or consolidate. All such entities shall be bound by this Decree.

## DOCUMENT AND DATA RETENTION

38. Notwithstanding the expiration of the other provisions of this Decree, for one (1) year after the expiration of the term of this Decree, Orlando Float shall retain all documents or data made or kept under this Decree. Orlando Float shall provide such documents or data to the EEOC within fourteen (14) days after receiving the EEOC's written request, provided the same is received by Orlando Float no later than fourteen (14) days after the expiration of such one-year period. This information will be sought by EEOC solely for purposes of ascertaining and ensuring compliance with the Consent Decree.

## NO CONDITIONAL RECEIPT

39. Orlando Float will not condition the receipt of individual relief on Ms. Stevens' agreement to (a) maintain as confidential the terms of this Consent Decree; (b) waive her statutory right to file a charge of discrimination with any federal or state anti-discrimination agency; (c) or waive her right to apply for employment with Orlando Float in the future.

## COSTS

40. Each party to this Decree shall bear its own costs associated with this litigation.

41.     Orlando Float shall bear all costs incurred by the EEOC caused by Orlando Float's non-compliance with this Decree, including but not limited to any and all costs arising out of EEOC's efforts to remedy any breach in this Court.

**IT IS SO ORDERED** in Orlando, Florida on _____, 2020.

_____
United States District Judge

AGREED TO:

FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____     Date: _____
ROBERT E. WEISBERG
Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street,
Suite 1500
Miami, Florida 33131
Tel: 305-808-1789

FOR DEFENDANT ORLANDO FLOAT:

By: _____     Date: 01/14/2020
Bich-Thao Le
Manager
Orlando Float
5380 S. Kirkman Road, Orlando, FL 32819
407-420-7250

## EXHIBIT A

## NOTICE TO ALL ORLANDO FLOAT EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court, Middle District of Florida, in *EEOC v. Azul Wellness, LLC*. In this case, the EEOC alleged that Orlando Float violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, by terminating an employee based on her sex, female, and pregnancy. As a result of a consent decree entered in the lawsuit, Orlando Float is required to display this posting.

Title VII protects individuals from employment discrimination because of their sex. Additionally, Title VII protects employees from discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. Orlando Float will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws. It is the policy of Orlando Float to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, disability, or other protected characteristic. Orlando Float does not tolerate intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964. as amended; the Age Discrimination in Employment Act (ADEA); Genetic Information Nondiscrimination Act of 2008 (GINA); or the Equal Pay Act (EPA) of 1963, or the Americans with Disabilities Act (ADA), as amended.

Orlando Float assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Orlando Float's policy prohibiting discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex. and age. If you believe you have been discriminated against, you may contact the EEOC at 1(800)669-4000.  The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for five years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Robert E. Weisberg, Regional Attorney, Re: Orlando Float Consent Decree at U.S. Equal Employment Opportunity Commission 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and mdoconsentdecreecompliance@eeoc.gov.

Date: _____

Bich-Thao Le, Orlando Float